UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA SCOTT, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF DECEDENT JARRED SCOTT AND ROLAND SCOTT, III, INDIVIDUALLY, AND AS THE REPRESENTATIVE OF THE ESTATE OF JARRED SCOTT | § | CIVIL ACTION NO. 22:3181 NJB-MBN |
| VERSUS | § | SECTION "G" JUDGE NANNETTE JOLIVETTE BROWN |
| CRESCENT MARINE TOWING, INC., XYZ INSURANCE COMPANY, AND CARGILL, INC. | § | DIVISION (5) MAG. JUDGE MICHAEL B. NORTH |

**MEMORANDUM IN SUPPORT OF REMAND**

MAY IT PLEASE THE COURT:

Defendant Cargill has filed a faulty removal. In order for this Court to have diversity jurisdiction, complete diversity must exist between the defendants and the plaintiffs. In this case, diversity is not complete. Defendant Cargill admits that there is both a Louisiana Defendant, Crescent Marine Towing, Inc., and Louisiana Plaintiffs, Joshua Scott and Roland Scott, III. (Rec. Doc. 1, ¶ I, II, IV). Plaintiffs seek remand to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## FACTS

This lawsuit involves the death of Jarred Scott. Mr. Scott worked and lived in Louisiana. The Plaintiffs in this suit live and work in Louisiana. Mr. Scott was employed as a seaman by Defendant, Crescent Marine Towing, Inc, a Louisiana company. The Crescent vessel, the M/V

DOUGLAS, was working at the Defendant Cargill, Inc. grain elevator at the time Mr. Scott went

missing.  Mr. Scott's body was later found in the Mississippi River.  Claims on behalf of Mr.

Scott's brother, Joshua Scott, and his father, Roland Scott, III, and the decedent's estate were

filed under the Jones Act, General Maritime law and Louisiana law against his Jones Act

employer and the vessel owner, Crescent Marine, and against the grain elevator, Cargill.  Two

days after suit was filed in state court, Cargill filed this removal on the basis of diversity.

### LAW AND ARGUMENT

Cargill erroneously relies on jurisprudence developed from "snap" removal cases to

justify removal in this case.  But our case does not invoke the forum defendant exception to

diversity jurisdiction.  Such cases have been interpreted by the courts to permit a "snap" removal,

i.e., removal by a defendant prior to the service of the forum defendant.  "Snap" removal and its

case law, like *Texas Brine Co. v. American Arbitration Ass'n*, 955 F.3D 482 (5th Cir. 2020), are

inapplicable to the fundamental jurisdictional question.  *Texas Brine*  holds that a defendant may

remove a case as long as removal occurs prior to service on the non-forum defendant <u>when there

is complete diversity</u>.   Under *Texas Brine*, complete diversity is still *the* prerequisite for

removal.  *Texas Brine,* 955 F.3d at 485 ("Here the district court had subject matter jurisdiction

because each defendant was diverse from the plaintiff...thus there is no jurisdictional defect

under 28 U.S.C. §1332(a).")

The Fifth Circuit decision of *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873 (5th Cir.

1998), controls this outcome.  In *Deshotel*, plaintiff Smith sued both diverse and non-diverse

defendants.  Prior to service on the non-diverse defendant, the diverse defendant removed the

suit.  The case remained in federal district court and was tried.  On appeal, rather than address the

merits, the Court *sua sponte* vacated the district court judgment and remanded to the state court because of the lack of complete diversity jurisdiction.  The failure of the plaintiff to have served the non-diverse defendant prior to removal was irrelevant.  The Court held "a non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity **regardless of service or non-service upon the co-defendant.**" (Emphasis added) *Deshotel* at 883.  The Court explained "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.*

Texas Brine does not overrule *Deshotel*.  The two cases are concerned with two distinct principles.  *Texas Brine* concerns the appropriateness of snap removal.   It is an exception to the forum defendant rule which allows a non-forum defendant to remove an action to federal court if (1) diversity jurisdiction exists, and (2) defendants who are residents of the forum state have not been properly joined or served. *Alarcon v. Aberration, Inc.,* 2021 U.S. Dist. LEXIS 240270*5 (S.D. Tex 2021) summarizing *Texas Brine,* 955 F.3d at 485.   *Texas Brine* doesn't change the fundamental principle relied upon in *Deshotel* which is that complete diversity is necessary for subject matter jurisdiction and that the existence of that diversity jurisdiction is determined from the fact of citizenship of the parties named, regardless of service or non-service.  Yet, the defendants in *Alarcon* argued that *Texas Brine* did overrule *Deshotel* (much as Cargill attempts in its removal herein)*.*  The district court disagreed stating "in the twenty-three years since *Deshotel* was decided, the case has yet to be overruled or abrogated by the Fifth Circuit or Supreme Court.  *Alarcon*8.*

Alarcon involved two Texas plaintiffs and a Texas defendant and a diverse defendant,

Panasonic. Panasonic, like Cargill, removed the case under the "snap removal rule." Rejecting Panasonic's maneuver, the district judge held "because the parties are not completely diverse, this Court cannot exercise diversity jurisdiction over this action and this matter should be remanded to state court." *Alarcon*\*5-6. Additionally, the court awarded attorneys fees against the removing defendant, Panasonic, finding that Panasonic lacked an objectively reasonable basis for removal given the law of *Texas Brine*[1], *Deshotel* and numerous cases decided after *Texas Brine* which rejected removal of cases without complete diversity under a "snap removal" style strategy.[2] *Alarcon*\*7.

## CONCLUSION

Remand is required because no subject matter jurisdiction exists under diversity jurisdiction. This matter involves Louisiana citizens on both sides of the case. Defendant's removal misapplies the rationale of a snap removal beyond its intended purpose. Cargill's removal is not supported by the Federal Rules, *Texas Brine* or *Deshotel*. On the contrary, *Texas Brine* and *Deshotel* both hold that a case such as this cannot and should not be removed.

Respectfully submitted,

STRAUSS & KING, APLC

 *s/ Rhett E. King*
Berney L. Strauss #12527
Rhett E. King #23811

*Counsel for Plaintiffs*

---

[1]     *Texas Brine* made clear that the forum defendant rule is a procedural rule not a jurisdictional one. In other words, complete diversity must exist before removing, snap or otherwise. *Texas Brine,* 955 F.3d at 485.

[2]     At present, Plaintiffs are not seeking attorneys fees from Cargill. Plaintiffs merely raise this to point out the complete lack of legal support for Cargill's actions.

*Joshua Scott, Individually and*
*as personal representative of the*
*Decedent Jarred Scott and Roland*
*Scott, III, Individually, and as the*
*representative of the Estate of*
*Jarred Scott*

406 Magazine Street, Suite 300
504-523-0109 (facsimile)
rhettking@straussandking.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been

electronically filed with the Clerk of Court by using the CM/ECF system which will send a

notice of electronic filing to all counsel of record, this 5th day of October, 2022.

***Rhett E. King***
Rhett E. King #23811