UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA SCOTT et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-3181** |
| **CRESCENT MARINE TOWING, INC. et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Joshua Scott and Jarred Scott's (collectively, "Plaintiffs") "Motion to Remand."[1] After initially filing an opposition,[2] Defendant Cargill Inc. ("Cargill") filed a supplemental memorandum stating that it no longer opposes the instant motion given the Fifth Circuit's October 26, 2022 ruling in *In re Levy*.[3] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants Plaintiffs' motion to remand.

## I. Background

Plaintiffs originally filed an action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Cargill and Defendant Crescent Marine Towing, Inc. ("Crescent") (collectively, "Defendants") for damages.[4] On September 8, 2022, Cargill removed the case from the Twenty-Fourth Judicial District Court for the Parish of Jefferson to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b)(2).[5] In the Notice of Removal, Cargill alleges that Plaintiffs are

---

[1] Rec. Doc. 3.

[2] Rec. Doc. 4.

[3] Rec. Doc. 8 (citing *In re Levy*, 52 F.4th 244, 2022 WL 14732482 (5th Cir. Oct. 26, 2022) (per curiam)).

[4] Rec. Doc. 1-1.

[5] Rec. Doc. 1. The diversity statute, 28 U.S.C. § 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The removal statute, 28 U.S.C. § 1441, states in pertinent part that a civil action removable solely on the basis of

1

domiciled in Louisiana, Cargill is domiciled in Minnesota and Delaware, and Crescent is domiciled in Louisiana for purposes of diversity jurisdiction.[6] At the time, Cargill argued that removal was proper despite a lack of complete diversity between the parties because Crescent "had not [been] properly joined and served" at the time Cargill filed the Notice of Removal and because the Fifth Circuit held in *Texas Brine Co. v. American Arbitration Association, Inc.*,[7] that a non-forum defendant may remove a case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state.[8] On October 5, 2022, Plaintiffs filed the instant "Motion to Remand."[9] On October 25, 2022, Cargill filed an opposition to the instant motion;[10] however, on November 2, 2022, Cargill filed a supplemental memorandum to its opposition stating that it no longer opposes remand.[11]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion to Remand*

In support of the motion, Plaintiffs argue that the case should be remanded because "snap" removal prior to the service of the forum defendant, as allowed under *Texas Brine*, still requires complete diversity between the parties pursuant to 28 U.S.C. § 1441(b)(2).[12] Specifically,

---

diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

[6] The federal diversity jurisdiction statute provides that a corporation is a citizen of its state-of-incorporation and "of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

[7] 955 F.3d 492 (5th Cir. 2020).

[8] Rec. Doc. 1 at 3.

[9] Rec. Dec. 3 at 1.

[10] Rec. Doc. 4.

[11] Rec. Doc. 8.

[12] Rec. Doc. 3-1 at 2.

Plaintiffs argue that *Texas Brine* did not overrule the Fifth Circuit's controlling decision in *New York Life Insurance Company v. Deshotel*,[13] which held that "a non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity regardless of service or non-service upon the co-defendant."[14] Thus, Plaintiffs conclude that, because Plaintiffs and Crescent are citizens of Louisiana, complete diversity between the parties does not exist and so Cargill's removal of this case pursuant to 28 U.S.C. § 1332 was improper.[15]

### B.  *Cargill's Memorandum Regarding the Motion to Remand*

On October 25, 2022, Cargill filed an opposition to the instant motion, in which it argued that the issue of whether, under 28 U.S.C. § 1441(b)(2), the citizenship of a defendant can serve as a bar to removal if that defendant has not been properly served was currently pending before the Fifth Circuit.[16] Thus, Cargill asked the Court to defer ruling on the instant motion until the Fifth Circuit issued its ruling.[17] On November 2, 2022, Cargill filed a supplemental memorandum to its opposition stating that it no longer opposed the instant motion because the Fifth Circuit had issued "a ruling holding a 'defendant's 'non-diverse-citizenship cannot be ignored simply because he was an unserved defendant.'"[18]

---

[13] 142 F.3d 873 (5th Cir. 1998).

[14] *Id*. at 2–3 (quoting *Deshotel*, 142 F.3d at 883) (emphasis omitted).

[15] *See id*. at 4.

[16] Rec. Doc. 4 at 6.

[17] *Id*.

[18] Rec. Doc. 8 (quoting *In re Levy*, 52 F.4th 244, 2022 WL 14732482, at *3 (5th Cir. Oct. 26, 2022) (per curiam)).

### III. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree."[19] A defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[20] Remand to state court is appropriate if the federal court lacks subject matter jurisdiction.[21] A federal court has subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[22]

"When removal is based on diversity of citizenship, diversity must exist at the time of removal."[23] The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[24] Moreover, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."[25]

Pursuant to 28 U.S.C. § 1441, an action that is otherwise removable based solely on diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[26] This limitation is often

---

[19] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[20] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[21] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[22] 28 U.S.C. § 1332(a)(1).

[23] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).

[24] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[25] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal citation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[26] 28 U.S.C. § 1441(b)(2).

referred to as the "forum defendant rule."[27] A violation of the forum defendant rule renders removal procedurally defective.[28] Nevertheless, "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."[29] This practice, commonly called "snap removal," has been sanctioned by the United States Court of Appeals for the Fifth Circuit.[30] However, the Fifth Circuit has explained that "complete diversity is still required" for snap removal.[31]

### IV. Analysis

Plaintiffs argue that the case should be remanded because "snap" removal prior to the service of the forum defendant, as allowed under *Texas Brine*, still requires complete diversity between the parties pursuant to 28 U.S.C. § 1441(b)(2).[32] Cargill does not oppose the motion in light of the Fifth Circuit's October 26, 2022 ruling in *In re Levy*.[33] This Court has authority to grant a motion as unopposed, although it is not required to do so.[34]

*In Levy*, the Fifth Circuit clearly stated that the complete diversity requirement to properly assert jurisdiction under 28 U.S.C. § 1332 "is absolute and admits of no exceptions."[35] Thus, the Fifth Circuit found that the federal district court lacked jurisdiction where a foreign insurance

---

[27] *See In re 1994 Exxon Fire Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

[28] *Id*. at 392–94.

[29] *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020).

[30] *Id.*

[31] *In re Levy*, 52 F.4th 244, 2022 WL 14732482, at *3 (5th Cir. Oct. 26, 2022) (per curiam).

[32] Rec. Doc. 3-1 at 2.

[33] Rec. Doc. 8.

[34] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[35] *In re Levy*, 2022 WL 14732482, at *3.

company, the only defendant to receive service of process, removed the case based on diversity jurisdiction even though the plaintiff and an unserved defendant were both citizens of Louisiana.[36] The Fifth Circuit explained that the federal district court lacked jurisdiction "[b]ecause the only basis for removal in this case was diversity jurisdiction, and complete diversity [was] lacking."[37] Likewise, foreign defendant Cargill removed this action before Crescent had been served solely on the basis of diversity jurisdiction even though Plaintiffs and Crescent are citizens of Louisiana.[38] Thus, as in *Levy*, this Court lacks subject matter jurisdiction because complete diversity is lacking. Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' "Motion to Remand"[39] is GRANTED.

IT IS FURTHER ORDERED that the case is hereby remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings.

NEW ORLEANS, LOUISIANA, this  28th   day of November, 2022.

NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[36] *Id* at *1, *3.

[37] *Id*. at *3.

[38] *See* Rec. Doc. 1.

[39] Rec. Doc. 3.